## EAGLE-PICHER MINING & SMELTING CO. v. DAVIS.

No. 22072. Opinion Filed Sept. 22, 1931.

John Campbell and A. C. Wallace, for petitioner.

M. R. Tidwell, Jr., for respondent.

HEFNER, J. This is an original proceeding in this court by the Eagle-Picher Mining & Smelting Company to review an award of the Industrial Commission awarding compensation to James Robert Davis.

Claimant contends that, on the 6th day of June, 1930, while working for petitioner and while engaged in the course of his employment, he received an injury resulting in the loss of two fingers. Petitioner contends that claimant's injury was wilfully self-inflicted, and that it is therefore not liable.

The Commission found this issue in favor of claimant and awarded him compensation in the sum of $1,077.30. Petitioner challenges the sufficiency of the evidence to support the award. It is based solely on plaintiff's evidence, which is, in substance, as follows:

He was employed by petitioner to work in its mines as a repair man. On June 6, 1930, while engaged in repairing certain pipes in connection with petitioner's mine, he picked up certain loose pipes, raised them several inches from the ground, and that while in the act of so doing a boulder fell from the roof and cut off two of his fingers.

Petitioner offered evidence which it claims establishes that claimant deliberately cut off his fingers with a carpenter's knife. It offered evidence that no blood was discovered at the place in the mine where claimant claimed his injury occurred. Evidence was also offered of the finding of a carpenter's knife with blood stains and the prints of two fingers upon it. Tips from two fingers were found close to the place where the knife was found. Petitioner also offered evidence tending to establish that claimant's fingers, in raising the pipe, would necessarily have been under the pipe and that a falling boulder could not have struck the fingers in the manner claimed.

Several physicians testified that claimant's fingers were cut off smooth and clean without the breaking of skin or bone. These witnesses, however, conceded that it might have been possible that a sharp boulder had cut off claimant's fingers. Other evidence was offered by petitioner which it contends establishes that claimant's injuries were self-inflicted.

The Industrial Commission heard the evidence, observed the demeanor of the witnesses on the witness stand, and found the issues against the petitioner. We cannot say that there is no credible evidence tending to support this finding.

Petitioner urges that the testimony offered by claimant is without probative force because impeached by the physical facts; that the matters testified to by him are physically impossible. We do not think that the evidence offered is so at variance with the physical facts as to warrant us in casting it aside as being without probative force. This being true, the evidence is sufficient to support the award.

**Petition to vacate is denied.**

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, McNEILL, and KORNEGAY, JJ., concur.

SWINDALL, J., dissents.

ANDREWS, J., absent.

Note.—See under (1) 28 R. C. L. 827, 828; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation Acts, § 116.